4/5/2019 3:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32556091
By: Nelson Cuero
Filed: 4/5/2019 2:49 PM

# 2019-24639 / Court: 157

CAUSE NO. _____

| | | |
|---|---|---|
| REGINALD PHILLIPS | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| BRYAN SADLER and | § | |
| SADLER EXPRESS, INC. | § | |
| *Defendants.* | § | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION,
## JURY DEMAND, AND FIRST SET OF DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, Reginald Phillips, complaining of and against BRYAN SADLER and SADLER EXPRESS, INC., Defendants, and for cause of action would respectfully show unto the Court and Jury the following:

### I.
### Parties

1.1   Plaintiff, Reginald Phillips, is an individual resident of Harris County, Texas.

1.2   Defendant, Bryan Sadler, is a nonresident of Texas and may be found at 118 Windridge Drive, West Monroe, Louisiana 71291. The Defendant may be served through J. Bruce Bugg, Jr., Chairman of the Texas Transportation Commission, at 125 E. 11th Street, Austin, Texas 78701-2483.

1.3   Defendant, Sadler Express, Inc., is a foreign corporation and may be found at 118 Windridge Drive, West Monroe, Louisiana 71291. The Defendant may be served through J. Bruce Bugg, Jr., Chairman of the Texas Transportation Commission, at 125 E. 11th Street, Austin, Texas 78701-2483.

**EXHIBIT "A"**

## II.
## Discovery

2.1     Pursuant to Texas Rules of Civil Procedure 190.3, Plaintiff requests a Level 2 Discovery Control Plan.

## III.
## Venue & Jurisdiction

3.1     Venue for this case is proper in Harris County, Texas pursuant to §15.002(a)(1) of the Texas Civil Practice and Remedies Code in that Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3.2     This Court has original jurisdiction over this civil action because Plaintiff seeks damages in an amount exceeding the Court's minimum jurisdictional limits.  Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $1,000,000.00.

3.3     The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## IV.
## Factual Background

4.1     On or about January 8, 2019 in Harris County, Texas, Defendant Sadler, an employee and owner of Defendant Sadler Express, Inc., was negligent in the operation of his vehicle.  Plaintiff was traveling northbound on Sheldon Road.  Defendant Sadler, while operating the vehicle during the course and scope of his employment with Defendant Saddler Express, Inc., who was also driving northbound on Sheldon Road, failed to exercise ordinary care when he drove while distracted or under the influence of drugs or alcohol, failed to maintain a proper lookout, failed to control speed, failed to exercise due care to

**Page 2 of 7**

avoid colliding with Plaintiff and violently collided with Plaintiff. As a result of the brutal collision, Plaintiff suffered and continues to suffer from severe injuries.

## V.
## Causes of Action
## Negligence and Negligence Per Se

5.1   The incident made the basis of this lawsuit resulted from the failure to exercise ordinary care by Defendants. Defendants owed Plaintiff a duty to exercise the degree of care that an ordinary, prudent person would have done under the same or similar circumstances. The Defendants specifically failed to exercise proper care required when they did the following:

 a. Failed to maintain a proper lookout;

 b. Failed to steer to avoid collision;

 c. Driver inattentiveness;

 d. Driving in a negligent and unsafe manner;

 e. Failed to exercise due care and diligence in the operation of the vehicle;

 f. Failed to act as a person of ordinary prudence would have in a similar situation;

 g. Driving while distracted;

 h. Driving under the influence of narcotics or alcohol;

 i. Texting while driving;

 j. Negligent hiring;

 k. Negligent entrustment;

 l. Failed to exercise due care to avoid colliding with a pedestrian; and

m.      Such other and further acts of negligence as may be supplemented as a result of discovery performed in this suit.

5.2     Each of these acts and/or omissions above, whether taken singularly or in any combination constitutes negligence and negligence per se which proximately caused the severe and life-threatening injuries and other losses as specifically set forth herein, all of which Plaintiff has suffered and which Plaintiff will continue to suffer in the future, for the remainder of her natural life.

## Respondeat Superior

5.3     Defendant Sadler Express, Inc., is vicariously liable for the above listed acts and/or omissions of its principal, employee, representative or agent, Defendant Sadler, as Defendant Salder was acting in the course and scope of his employment/partnership/association with Defendant Sadler Express, Inc.

## Negligent Entrustment of a Motor Vehicle

5.4     Defendant Sadler Express, Inc., is also liable under negligent entrustment of a motor vehicle.  Defendant Sadler Express, Inc., entrusted the vehicle to Defendant Sadler. Defendant Sadler was reckless in the operation of the vehicle and Defendant Sadler Express, Inc., knew or should have known that Defendant Sadler was a reckless driver.  Defendant Sadler was negligent in the operation of the vehicle for the reasons stated above and this negligence proximately caused Plaintiff's injuries.

## VI.
## Damages

6.1     As a result of the accident that forms the basis of this lawsuit, as stated above, and as a direct and proximate result of Defendants' negligence, Plaintiff has suffered severe,

life-threatening injuries, will likely sustain additional damages in the future and is entitled

to recover:

    a. Past medical bills and expenses incurred as a proximate result of the accident that forms the basis of this law suit;

    b. Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the accident that forms the basis of this lawsuit;

    c. Mental anguish, physical pain and suffering, disability, and loss of enjoyment of life in the past and in the future;

    d. Physical impairment in the past and in the future;

    e. Lost earning capacity;

    f. Pre-judgment and post-judgment interest; and

    g. Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

## VII.
## Jury Demand

7.1    Plaintiff demands a trial by jury and the appropriate fee has been submitted.

## VIII.
## Requests for Disclosure

8.1    Pursuant to Texas Rule of Civil Procedure 194, Defendants are requested to disclose, within fifty (50) days of the service of this request, the material and information described in Rule 194.2 (a)-(c), Rule 194.2 (e)-(i) and Rule 194.2 (k)-(l).

## IX.
## Interrogatories to Defendants

9.1    Take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, Plaintiff serves the attached interrogatories, Exhibit "A," to be propounded to

Defendants. You are hereby instructed to answer the following interrogatories separately, fully, in writing, and under oath as required by Texas Rule of Civil Procedure 197.2(d). The answers shall be served upon the undersigned counsel within fifty (50) days after the service of these interrogatories.

## X.
## Request for Production

10.1    Please take notice that requests are hereby made by Plaintiff, pursuant to Texas Rule of Civil Procedure 196, that Defendants produce or permit the undersigned counsel, to inspect and copy or reproduce the items hereinafter designated Exhibit "B" attached hereto. Within fifty (50) days after service of these Requests for Production, you must serve a written response to the undersigned counsel including the items requested or stating with respect to each request that an inspection and copying or reproduction will be permitted as requested. In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request. Pursuant to Texas Rule of Civil Procedure 193.2(b), a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection. Furthermore, demand is made for the supplementation of your answers to these discovery requests as required by Texas Rule of Civil Procedure 193.5.

## XII.
## Requests for Admission

11.1    Take notice that pursuant to Rule 198 of the Texas Rules of Civil Procedure, Plaintiff serves the attached requests for admission, Exhibit "C," to be propounded on

Defendants. You are hereby instructed to answer the following requests for admission separately, fully, and in writing. The answers shall be served upon the undersigned counsel within fifty (50) days after the service of these requests for admission.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants answer the allegations hereof, and upon trial thereof, Plaintiff have and recover judgment against Defendants for all damages and injuries suffered and incurred, for pre-judgment interest, for interest on the judgment, for court costs, for attorney's fees, and for such relief, in law or equity, that this Court establishes Plaintiff is entitled to.

Respectfully submitted,

**ROBERTS MARKLAND LLP**

By:       /s/ R. Clive Markland
          R. Clive Markland
          State Bar No. 24027475
          Anjali Sharma
          State Bar No. 24094403
          2555 N. MacGregor Way
          Houston, Texas 77004
          Telephone: 713.630.0900
          Facsimile: 713.630.0991
          Email: cm@robertsmarkland.com
          Email: as@robertsmarkland.com

**ATTORNEYS FOR PLAINTIFF**

2019-24639 / Court: 157

# EXHIBIT A

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. _____

| | | |
|---|---|---|
| REGINALD PHILLIPS | § | IN THE DISTRICT COURT |
|     *Plaintiff,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| BRYAN SADLER and | § | |
| SADLER EXPRESS, INC. | § | |
|     *Defendants.* | § | ___ JUDICIAL DISTRICT |

TO:    Defendants Bryan Sadler and Sadler Express, Inc.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

COMES NOW, Plaintiff, Reginald Phillips, pursuant to Rule 197 of the Texas Rules of Civil Procedure and serves these discovery requests to Defendants Bryan Sadler and Sadler Express, Inc.  Please be advised that your responses are due within fifty (50) days after your receipt of these Requests and responsive documents are to be produced at the offices of Plaintiff's counsel, 2555 N. MacGregor Way, Houston, Texas 77004 on or before the due date for the responses.

Respectfully submitted,

**ROBERTS MARKLAND LLP**

By:  _/s/ R. Clive Markland_
      R. Clive Markland
      State Bar No. 24027475
      Anjali Sharma
      State Bar No. 24094403
      2555 N. MacGregor Way
      Houston, Texas 77004
      (713) 630-0900 – Telephone
      (713) 630-0991 – Facsimile
      Email: cm@robertsmarkland.com
      Email: as@robertsmarkland.com

**ATTORNEYS FOR PLAINTIFF**

Unofficial Copy Office of Marilyn Burgess District Clerk

## DEFINITIONS

1. The term "document" or "documents" shall mean all writings of every kind, both originals, copies of originals, and/or all non-identical copies thereof, including but not limited to: correspondence, transcripts of testimony, letters, memoranda, notes, reports, papers, files, books, records, contracts, agreements, telegrams, teletypes, and other communications sent or received, diaries, calendars, telephone logs, drafts, work papers, agenda, bulletins, notices, announcements, instructions, charts, diagrams, manuals, brochures, schedules, summaries, notes, minutes, and other records and recordings of any conferences, meetings, visits, statements, interviews, or telephone conversations, bills, statements, and other records of obligations and expenditures, canceled checks, vouchers, receipts, and other records of payment, financial data, analyses, statements, interviews, affidavits, printed matter (including published books, articles, speeches, newspaper clippings, press releases and photographs). The term "document" or "documents" shall also mean voice records, films, tapes, and other data compilations from which information can be obtained, including any material used in data processing or computer operations.

2. As used herein, the term "you", "your", or Defendant shall refer to the party to whom these Interrogatories are being served, all agents and representatives (including your attorneys or insurance companies) and other persons acting on behalf of or purporting to act on behalf of the Defendant.

3. "Identify, "identify", or "Identification" when used with reference to a document, shall be understood as an instruction to state the name or title of the document, authors, primary or intended recipients, other recipients, type (e.g., letters, notes, memoranda, diary, etc.), subject matter, present location and present custodian of the document, any file number used in connection with the document, and the purpose for which the document was created or prepared. If any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, the person responsible for making the decision as to such disposition, and the person responsible for carrying out such disposition.

4. A Person shall mean the plural as well as the singular and shall include a natural person, firm, corporation, sole proprietorship, joint venture, trust and estate, business, association or partnership, or other firm or legal entity unless the context indicates otherwise.

5. A Pictorial representation shall mean any and all photographs, photographic prints, slides, negatives, positives, x ray films, videotapes, motion pictures, drawings, electronically-stored or transmitted graphics files, and/or any other medium wherein the subject matter is contained or otherwise expressed in pictures.

6. "Plaintiff" shall mean REGINALD PHILLIPS.

7. "Defendant" refers to SADLER EXPRESS, INC., all agents and representatives and other persons acting on behalf of or purporting to act on their behalf; or BRYAN SADLER all heirs, successors, agents and representative and other persons acting on behalf of or purporting to act on their behalf.

8. The "Occurrence" refers to the accident or incident described in Plaintiff's Original Petition which occurred on or about January 8, 2019.

9. "Claim" or "claims" refers to the claim presented by Plaintiff for damages arising from the occurrence in question.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

**INTERROGATORY NO. 1:**

Please identify yourself with your name, address, phone number, and driver's license number.

**ANSWER:**

**INTERROGATORY NO. 2:**

If Defendant contends any act or omission of Plaintiff caused, or contributed to cause, the collision, provide the factual basis for this contention.

**ANSWER:**

**INTERROGATORY NO. 3:**

If Defendant contends any person or party was negligent, or in any way caused or contributed to the cause of the collision, identify the person or party and provide the factual basis for the contention.

**ANSWER:**

**INTERROGATORY NO. 4:**

Identify by name, address and phone number all persons known to Defendant who witnessed the collision.

**ANSWER:**

**INTERROGATORY NO. 5:**

If you have any information indicating, or any reason to believe, that there was, that there was any defect or failure of any vehicle or equipment involved in this accident please, state:

      (a) The vehicle or equipment involved; and
      (b) The nature of the defect or failure.

**ANSWER:**

**INTERROGATORY NO. 6:**

Set forth what you contend caused the incident.

**ANSWER:**

**INTERROGATORY NO. 7:**

If Defendant was not the owner of the vehicle Defendant was operating at the time of the collision in question, identify the owner and describe Defendant's relationship to the owner.

**ANSWER:**

**INTERROGATORY NO. 8:**

If there was a telephone in the vehicle Defendant Sadler was driving, did Defendant Sadler make any calls on the telephone or send/receive any text messages within 30 minutes before or after the accident?

**ANSWER:**

**INTERROGATORY NO. 9:**

State whether or not you were acting within the course or scope of any agency, employment, or service at the time of the collision, and describe the type or relationship and the persons or entities involved.

**ANSWER:**

**INTERROGATORY NO. 10:**

If Defendant had consumed any alcoholic beverage or taken any prescription or non-prescription drug or medication in the 24-houur period before the collision; identify the beverage or drug (name and whether prescription or non-prescription) and state how much was consumed over what period of time.

**ANSWER:**

**INTERROGATORY NO. 11:**

Describe, in detail, any conversations Plaintiff had with Defendant or Defendant's representatives since the collision.

**ANSWER:**

**INTERROGATORY NO. 12:**

Describe in detail what injuries, if any, you receive in the collision and treatment, if any, sought.

**ANSWER:**

**INTERROGATORY NO. 13:**

If Defendant received a traffic citation as a result of the collision, identify the court involved, the violations for which defendant was cited, the date disposition of the citation, and the final disposition of the citation.

**ANSWER:**

**INTERROGATORY NO. 14:**

If Defendant has received any other traffic citations in the past five years, identify the court involved, the violations for which Defendant was cited, the date of disposition of the citation, and the final disposition of the citation.

**ANSWER:**

**INTERROGATORY NO. 15:**

If Defendant has received any transportation citations in the past five years, identify the court involved, the violations for which Defendant was cited, the date of disposition of the citation, and the final disposition of the citation, even if resulting in a deferred adjudication or defensive driving class.

**ANSWER:**

**INTERROGATORY NO. 16:**

State all, if any, arrests for alleged crimes, including traffic violations, Defendant has received in the past ten (10) years, identify the court involved, the violations for which Defendant was arrested, the date of disposition of the matter, and the final disposition of the matter.

**ANSWER:**

**INTERROGATORY NO. 17:**

Has Defendant ever suffered from any of the following conditions and, if so, please provide details (i.e., dates & names of treating physicians): blackouts, amnesia, sneezing spells, dizziness, or mental illness.

**ANSWER:**

**INTERROGATORY NO. 18:**

If the vehicle driven by Defendant was damaged in the collision, describe the damage, state whether it has been repaired, who repaired it, and the costs of repair.

**ANSWER:**

**INTERROGATORY NO. 19:**

List each place Defendant had been in the four-hour period before the collision.

**ANSWER:**

**INTERROGATORY NO. 20:**

List, in detail, all locations where Defendant was traveling to prior to the accident that forms the basis of this suit occurring and where Defendant was traveling to immediately before colliding with Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 21:**

State the purpose of the trip that ended in the accident, including the place of departure, the time of departure, and the destination.

**ANSWER:**

**INTERROGATORY NO. 22:**

If Defendant intends or may use impeachment evidence at the time of this case concerning the conviction of any crime committed by (1) Plaintiff(s), (2) Defendant(s), (3) Plaintiffs' designated expert witnesses; and/or (4) Persons identified by Plaintiff as having knowledge or relevant facts in response to any discovery propounded by any Defendant in this case, pursuant to Texas Rule of Civil Evidence 609(f), please list each such person who may be impeached together with the specific crime and date of said crime which you

intend or may impeach such person.

**ANSWER:**

**INTERROGATORY NO. 23:**

If Defendant has been convicted of a crime punishable by imprisonment in excess of one year, or which involves dishonesty or false statement, in any state or federal court, state the type of offense, the date of conviction, the case number, the court, the county, the state in which Defendant was tried or the case was handled.

**ANSWER:**

**INTERROGATORY NO. 24:**

If you contend this collision was the result of an unavoidable accident, sudden emergency, act of God or the negligence of a person or entity not a party to this suit, state those facts that support your contention.

**ANSWER:**

**INTERROGATORY NO. 25:**

Identify all mobile telephone numbers and carriers, including personal and employment mobile numbers, for Defendant.

**ANSWER:**

**VERIFICATION**

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF _____ | § |

Before me, the undersigned Notary Public, on this day personally appeared _____, and after being duly sworn, stated under oath that:

"I have read these Answers to Interrogatories, and confirm the answers are within my personal knowledge and are true and correct, except those that indicate they are based on information obtained from other persons and those about persons with knowledge of relevant facts, trial witnesses and legal contentions."

_____
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME on _____, 2019.

_____
Notary Public in and for the State of Texas

2019-24639 / Court: 157

# EXHIBIT B

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. _____

| | | |
|---|---|---|
| **REGINALD PHILLIPS** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **BRYAN SADLER and** | § | |
| **SADLER EXPRESS, INC.** | § | |
| *Defendants.* | § | \_\_\_ **JUDICIAL DISTRICT** |

TO:   Defendants Bryan Sadler and Sadler Express, Inc.

## **PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS**

COMES NOW, Plaintiff, Reginald Phillips, pursuant to Rule 196 of the Texas Rules of Civil Procedure and serves these discovery requests to Defendants.  Please be advised that your responses are due within fifty (50) days after your receipt of these Requests and responsive documents are to be produced at the offices of Plaintiff's counsel, 2555 N. MacGregor Way, Houston, Texas 77004 on or before the due date for the responses.

Respectfully submitted,

**ROBERTS MARKLAND LLP**

By:  */s/ R. Clive Markland*
R. Clive Markland
State Bar No. 24027475
Anjali Sharma
State Bar No. 24094403
2555 N. MacGregor Way
Houston, Texas 77004
(713) 630-0900 – Telephone
(713) 630-0991 – Facsimile
Email: cm@robertsmarkland.com
Email: as@robertsmarkland.com

**ATTORNEYS FOR PLAINTIFF**

## DEFINITIONS

5. The term "document" or "documents" shall mean all writings of every kind, both originals, copies of originals, and/or all non-identical copies thereof, including but not limited to: correspondence, transcripts of testimony, letters, memoranda, notes, reports, papers, files, books, records, contracts, agreements, telegrams, teletypes, and other communications sent or received, diaries, calendars, telephone logs, drafts, work papers, agenda, bulletins, notices, announcements, instructions, charts, diagrams, manuals, brochures, schedules, summaries, notes, minutes, and other records and recordings of any conferences, meetings, visits, statements, interviews, or telephone conversations, bills, statements, and other records of obligations and expenditures, canceled checks, vouchers, receipts, and other records of payment, financial data, analyses, statements, interviews, affidavits, printed matter (including published books, articles, speeches, newspaper clippings, press releases and photographs). The term "document" or "documents" shall also mean voice records, films, tapes, and other data compilations from which information can be obtained, including any material used in data processing or computer operations.

6. As used herein, the term "you", "your", or Defendant shall refer to the party to whom these Interrogatories are being served, all agents and representatives (including your attorneys or insurance companies) and other persons acting on behalf of or purporting to act on behalf of the Defendant.

7. "Identify, "identify", or "Identification" when used with reference to a document, shall be understood as an instruction to state the name or title of the document, authors, primary or intended recipients, other recipients, type (e.g., letters, notes, memoranda, diary, etc.), subject matter, present location and present custodian of the document, any file number used in connection with the document, and the purpose for which the document was created or prepared. If any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, the person responsible for making the decision as to such disposition, and the person responsible for carrying out such disposition.

8. A Person shall mean the plural as well as the singular and shall include a natural person, firm, corporation, sole proprietorship, joint venture, trust and estate, business, association or partnership, or other firm or legal entity unless the context indicates otherwise.

10. A Pictorial representation shall mean any and all photographs, photographic prints, slides, negatives, positives, x ray films, videotapes, motion pictures, drawings, electronically-stored or transmitted graphics files, and/or any other medium wherein the subject matter is contained or otherwise expressed in pictures.

11. "Plaintiff" shall mean REGINALD PHILLIPS.

12. "Defendant" refers to SADLER EXPRESS, INC., all agents and representatives and other persons acting on behalf of or purporting to act on their behalf; or BRYAN SADLER all heirs, successors, agents and representative and other persons acting on behalf of or purporting to act on their behalf.

13. The "Occurrence" refers to the accident or incident described in Plaintiff's Original Petition which occurred on or about January 8, 2019.

14. "Claim" or "claims" refers to the claim presented by Plaintiff for damages arising from the occurrence in question.

## PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce a copy of both sides of the driver, Bryan Sadler, current driver's license(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Produce a copy of the title to the vehicle that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Produce a copy of all surveillance files, whether movies, videotapes, or still photographs, including all surveillance records, memoranda and correspondence relating to this surveillance of the Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

Produce a copy of any damage appraisals, repair bills, and invoices made of the Defendant's vehicle or any other vehicle involved in the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Produce copies in the possession, custody, or control of Defendants of any and all statements previously made by Defendants concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by the Defendants hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by Defendants hereto and contemporaneously recorded.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

Produce a copy of any and all drawings, maps, or sketches of the scene of the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Produce a copy in the possession, custody, or control of Defendant of any contract of employment or agency that would govern Defendant's relationship with any other party or bear on the issue of scope of employment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Produce any and all documents in the possession, custody, or control of Defendant concerning or relating to any damage done to the vehicle Defendant was driving at the time of the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

A copy of all movies, videotapes, or photographs of any vehicle involved in the accident, the parties, the scene in question following the collision, or any photos of any relevant evidence in the case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Produce any and all written documents or other recorded data of any kind in the possession, custody, or control of Defendant memorializing or otherwise describing any and all medical treatment, mental or physical, of the Plaintiff. This Request includes, but is not limited to, medical bills, medical records, evidence of diagnostic tests to include, but not be limited to CAT Scans, X-rays, MRI's, sonograms, thermograms, EMG's, beam studies and EEG's. This Request also includes, but is not limited to, any and all depositions on written questions, and all of the documents obtained by those depositions on written questions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

To the extent Defendant received any healthcare as a result of the accident in question, produce any and all written documents or recorded data of any kind in the possession, custody, or control of Defendant memorializing or otherwise describing any and all healthcare, medical treatment, mental or physical, of the Defendant received as a result of the incident in question. This Request includes, but is not limited to, medical bills, medical

records, evidence of diagnostic tests to include, but not be limited to CAT Scans, X-rays, MRI's, sonograms, thermograms, EMG's, beam studies and EEG's. This Request also includes, but is not limited to, any and all depositions on written questions, and all of the documents obtained by those depositions on written questions. In lieu thereof, provide a executed release by you for medical records and billing records. (A blank HIPAA compliant medical authorization is attached for your signature.)

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

Produce all cell phone records evidencing calls made or text messages sent/received on the date of the incident in question, for any cell phone defendant had in Defendant's possession or owned on the date of the collision that form the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

Produce all insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payment made to satisfy the judgment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

Produce working papers, notes, calculations, diagrams, photographs, models, exhibits, and other documents including reports and factual observations, prepared or reviewed by any expert who will testify at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Produce copies of all transcripts of testimony previously provided by any individual listed by Defendant as an expert witness.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

Produce treaties, rules, regulations, guidelines, states, policies, or procedures, and any other authoritative material considered in forming an opinion by any expert who will

testify at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

Produce invoices, bills, or other billing materials for each expert defendant expects to testify at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

State the purpose of the trip that ended in the accident, including the place of departure, the time of departure, and the destination.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

Produce all photographs, videotapes, or drawings that pertain in any way to the subject matter of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

Produce copies of any claim made by or against defendant for damages similar to those alleged in this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

Produce statements made by Defendant or Defendant's representatives concerning this suit, either oral or written.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

Produce statements made by Plaintiff or Plaintiff's representatives concerning this suit, either oral or written.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

Produce statements made by any witness concerning this suit, either oral or written.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

Produce settlement agreements Defendant has entered into with any party or non-party as a result of, or relating to, this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

Produce invoices or receipts for repairs to Defendant's vehicle or any other vehicle involved in the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

Produce all police reports or other report of any governmental agency relating to the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

Produce all records or reports of any type or nature whatsoever from the Southwest Index Bureau System on Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

A copy of each and every non-waiver agreement and/or reservation of rights letter that was either sent to the named insured or signed by the named insured.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

A copy of any letter, memo or document relating to any settlement agreement between Defendants, where multiple Defendants exist.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

Any and all things of any type or nature which you intend to introduce as an exhibit at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**

If you contend this collision was the result of an unavoidable accident, sudden emergency, act of God or the negligence of a person or entity not a party to this suit, state those facts that support your contention.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**

What is your mobile telephone number and who is the carrier?

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**

Produce a complete copy of Bryan Sadler's employment file.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**

Produce a complete copy of Sadler Express Inc.'s safety manual and employee handbook.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**

Produce a complete copy of Bryan Sadler's driving record.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**

Produce any and all photographs of the vehicle involved in the accident that forms the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

Produce any and all documents referred to and used to answer interrogatories.

**RESPONSE:**

2019-24639 / Court: 157

# EXHIBIT C

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. _____

| | | |
|---|---|---|
| **REGINALD PHILLIPS** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **BRYAN SADLER and** | § | |
| **SADLER EXPRESS, INC.** | § | |
| *Defendants.* | § | **___ JUDICIAL DISTRICT** |

TO:    Defendants Bryan Sadler and Sadler Express, Inc.

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS**

COMES NOW, Plaintiff, Reginald Phillips, pursuant to Rule 198 of the Texas Rules

of Civil Procedure and serves these discovery requests to Defendants.  Please be advised

that your responses are due within fifty (50) days after your receipt of these Requests and

responsive documents are to be produced at the offices of Plaintiff's counsel, 2555 N.

MacGregor Way, Houston, Texas 77004 on or before the due date for the responses.

Respectfully submitted,

**ROBERTS MARKLAND LLP**

By:   */s/ R. Clive Markland*
         R. Clive Markland
         State Bar No. 24027475
         Anjali Sharma
         State Bar No. 24094403
         2555 N. MacGregor Way
         Houston, Texas 77004
         (713) 630-0900 – Telephone
         (713) 630-0991 – Facsimile
         Email: cm@robertsmarkland.com
         Email: as@robertsmarkland.com

**ATTORNEYS FOR PLAINTIFF**

## DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Plaintiff" or "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means Sadler Express, Inc. or Bryan Sadler, respectively, and their successors, predecessors, agents, employees, and all other persons acting on behalf of Defendants, or his successors, predecessors, agents or employees.

3. "Plaintiff" means Reginald Phillips, his heirs, agents, or successors, and all other persons acting on behalf of Plaintiff.

4. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

5. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

6. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

8. "Identify" or "describe" when referring to a person, means you must state the following:

a. The full name.

b. The present or last known residential address and residential telephone number.

c. The present or last known office address and office telephone number.

d. The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory.

e. In the case of any entity, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory and the officer who is responsible for supervising the officer or employee.

9. "Identify" or "describe" when referring to a document, means you must state the following:

a. The nature (e.g., letter, handwritten note) of the document.

b. The title or heading that appears on the document.

c. The date of the document and the date of each addendum, supplement, or other addition or change.

d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

e. The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

10. Relating. The term "relating" means concerning, referring, describing, evidencing, or constituting, either directly or indirectly.

11. Any. The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all Answers that might otherwise be construed to be outside its scope.

12. "And" and "or." The connectives "and" and "or" should be construed either

conjunctively or disjunctively as necessary to bring within the scope of the discovery request all Answers that might otherwise be construed to be outside its scope.

13. Number. The use of the singular form of any word includes the plural and vice versa.



<u>PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANTS</u>

**<u>REQUEST FOR ADMISSIONS NO. 1:</u>**

Defendant Sadler was driving a 2003 Peterbilt 379, License Plate No. P245033, on January 8, 2019 and was involved in a collision on the date while driving.

**RESPONSE:**

**<u>REQUEST FOR ADMISSIONS NO. 2:</u>**

At the time of the collision, Defendant Sadler Express, Inc. owned the vehicle involved in the collision.

**RESPONSE:**

**<u>REQUEST FOR ADMISSIONS NO. 3:</u>**

Defendant Sadler did not have a valid driver's license in any state on the date of the collision.

**RESPONSE:**

**<u>REQUEST FOR ADMISSIONS NO. 4:</u>**

Defendant Sadler's drivers license was suspended or revoked on the date of the collision.

**RESPONSE:**

**<u>REQUEST FOR ADMISSIONS NO. 5:</u>**

Defendant Sadler was violating a restriction placed on Defendant's driver's license on the date of the collision.

**RESPONSE:**

**<u>REQUEST FOR ADMISSIONS NO. 6:</u>**

The condition of the road surface did not contribute to the cause of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 7:**

Lighting conditions did not contribute to the cause of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 8:**

Weather conditions did not contribute to the cause of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 9:**

A sudden emergency did not contribute to the cause of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 10:**

Defendant does not contend the collision was unavoidable.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 11:**

Defendant does not contend the collision was caused by Plaintiff.

**RESPONSE:**

 **REQUEST FOR ADMISSIONS NO. 12:**

No defect or malfunction in the vehicle Defendant Sadler was driving contributed to the cause of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 13:**

Defendant Sadler does not have normal vision without the use of corrective lenses.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 14:**

Defendant Sadler was not wearing corrective lenses at the time of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 15:**

Defendant Sadler was under the care of a medical practitioner or other practitioner of the healing arts during the month before the collision.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 16:**

Defendant Sadler suffered from on or more of the following conditions before the collision:

     a.  blackouts;
     b.  amnesia;
     c.  sneezing spells;
     d.  dizziness; and
     e.  mental illness.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 17:**

Defendants have in their possession, custody, or control of a copy of oral or written statements made by the Plaintiff relating to the collision.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 18:**

Defendant Sadler was acting within the course and scope of her employment at the time of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 19:**

Defendant Sadler was injured as a result of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 20:**

During the year preceding the collision, mechanical repairs were performed on the vehicle Defendant Sadler was driving at the time of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 21:**

Defendant Sadler was driving a vehicle on the 400 block of Sheldon Road in Houston, Texas on the date of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 22:**

Defendants' vehicle struck Plaintiff on the date of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 23:**

Defendant Sadler did not keep a proper lookout on the date of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 24:**

Defendant Sadler's failure to maintain a proper lookout immediately before the collision was the proximate cause of Defendants' vehicle striking Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 25:**

Defendant Sadler was under the influence of either alcohol or drugs when the collision occurred.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 26:**

At the time of the collision, Defendant Sadler Express, Inc. had in full force and effect liability insurance covering Defendants' liability in the event of injuries and/or damages

sustained as a result of an automobile accident.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 27:**

Defendants' insurance company paid Plaintiff for property damages and/or injuries Plaintiff sustained as a result of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 28:**

Defendants' insurance company paid Defendants for property damages and/or injuries Defendant Sadler sustained as a result of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 29:**

Defendants' actions or inactions proximately caused the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 30:**

Defendants' negligence proximately caused the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 31:**

Defendant Sadler was on a cell phone at the time of the accident.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 32:**

Defendant Sadler was looking at his phone at the time of the incident.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 33:**

Defendant Sadler was looking at his radio at the time of the incident.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 34:**

Defendant Sadler was not looking straight ahead of the roadway before Defendants' vehicle made contact with Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 35:**

Defendant Sadler was not looking straight ahead of the roadway before Defendants' vehicle made contact with Plaintiff.

**RESPONSE:**